# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

---

ROVER PIPELINE LLC,

        Plaintiff,

v.

1.23 ACRES OF LAND, MORE OR LESS, PERMANENT EASEMENT (PIPELINE RIGHT-OF-WAY SERVITUDE), AND 3.74 ACRES OF LAND, MORE OR LESS, TEMPORARY WORK SPACE, IN LENAWEE COUNTY, MICHIGAN, Office of the Lenawee County Drain Commissioner
Tract No. MI-LE-004.000,
AND UNKNOWN OWNERS, et al.,

        Defendants.
_____/

Case No. 2:17-cv-10365

Hon. Mark A. Goldsmith
Mag. Judge Mona K. Majzoub

**PROTECTIVE ORDER**

John M. DeVries (P12732)
Douglas A. Donnell (P33187)
William A. Horn (P33855)
Nikole L. Canute (P68713)
Mika Meyers PLC
Counsel for Plaintiff
900 Monroe Avenue, NW
Grand Rapids, MI 49503
(616) 632-8000
jdevries@mikameyers.com
ddonnell@mikameyers.com
whorn@mikameyers.com
ncanute@mikameyers.com

Thomas A. Zabel
Zabel Freeman
Co-Counsel for Plaintiff
1135 Heights Boulevard
Houston, TX 77008
(713) 802-9117
tzabel@zflawfirm.com

Zachary J. Murry (P73565)
Barkan & Robon, Ltd.
Attorney for Various Defendants
1701 Woodlands Drive, Ste. 100
Maumee, OH 43537
(419) 897-6500

{02221259 2 }

Adam C. Smith
Eric V. Luoma
Consumers Energy Company
Attorney for Defendant Consumers Energy Company
One Energy Plaza
EP11-449
Jackson, MI 49201
(517) 788-3141
adam.smith@cmsenergy.com

James R. Peterson (P43102)
Miller Johnson
Attorneys for Savoy Energy LP
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, MI 49503
(616) 831-1700
petersonj@millerjohnson.com

Jason R. Abel (P70408)
Honigman Miller Schwartz and Cohn LLP
Attorneys for Leonard M. Middleton and Terri S. Middleton Revocable Trust Under Agreement Dated April 20, 2009, Leonard M. Middleton and Terri S. Middleton, Trustees, <u>Tract No. MI-WA-047.000</u>
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
(313) 465-7302
jabel@honigman.com

David G. Marowske
Potsetivo & Associates, P.C.

zmurry@barkan-robon.com
Michael P. Herzoff
Stuart A. Best
Weltman, Weinberg & Reis Co., LPA
Attorneys for Multiple Defendants
2155 Butterfield Drive
Suite 200-S
Troy, MI 48084
(248) 989-3088
(248) 502-6113
mherzoff@weltman.com
sbest@weltman.com

Christopher E. McNeely (P45664)
McNeely Law Group, P.C.
Attorney for First Federal Bank of the Midwest
1700 W. Hamlin Rd., Ste. 100
Rochester Hills, MI 48309
(248) 601-4700
cmcneely@mandmpc.com

William J. McHenry (P38458)
Law Office of William J. McHenry, PLLC
Counsel for Michael Simcheck and Elaine Simcheck
30903 Northwestern Hwy., Suite 250
Farmington Hills, MI 48334
(248) 539-9081
wjmchenrylaw@gmail.com

Robert F. Magill, Jr.
Magill & Rumsey, P.C.
Attorneys for Mark S. Selby and Linda K. Selby
455 E. Eisenhower Parkway, Suite 355
Ann Arbor, MI 48108
(734) 995-2500

2

{02221259 2 }

| | |
|---|---|
| Attorney for Mortgage Electronic Registration System, Inc. (MERS) (Nominee for Pathway Financial, LLC) 251 Diversion Street Rochester, MI 48307 (248) 853-4400 x 1105 dmarowske@potestivolaw.com | bmagill@magillrumsey.com<br><br>Miles D. Hart (P43797) Janine M. Lucas Saretsky Hart Michaels + Gould PC Attorneys for Metropolitan Life Insurance Company 995 South Eton Birmingham, MI 48009 (248) 502-3300 mhart@saretsky.com jlucas@saretsky.com |

_____/

Plaintiff's counsel has informed the Court that it circulated its proposed Protective Order to all defense counsel and requested that any defense counsel who objected to the proposed Protective Order respond to Plaintiff's counsel. Plaintiff's counsel further informed the Court that it received no objections to the proposed Protective Order, and that five defense counsels, who collectively represent all but two of the remaining, represented landowner defendants and the only two non-landowner defendants who have filed Rule 26(a)(1) Disclosures in this matter, responded that they do not object to the proposed Protective Order and stipulated to its entry.

Pursuant to Federal Rule of Civil Procedure 26(C), by express agreement of certain parties and by order of the Court, the following Protective Order to limit disclosure of certain information provided during discovery is entered in this matter and applies to all parties to this matter.

3

{02221259 2 }

**IT IS HEREBY ORDERED** that:

1. "Confidential Information" means materials or information the designating party has a good faith belief contains trade secrets, proprietary information or other personal or business Confidential Information subject to protection under Rule 26(C) of the Federal Rules of Civil Procedure, and which is disclosed during the course of discovery in this action, whether or not disclosed through document production or written discovery, or through deposition. "Confidential Information" shall not include information that is obtained from publicly available sources or from federal, state or local government records available to the general public.

2. Materials or information may be designated "Confidential" in accordance with the provisions set forth below. The designation of confidentiality shall be in writing on the face of a document (by marking such documents as "Confidential" in a place or manner that avoids any interference with the legibility of the material) or other material, or orally on the record for testimony, and then on the face of any transcript of such testimony, or in any other way reasonably calculated to give actual notice of a confidential designation. The designation of such Confidential Information may be made at the time it is given in writing, at the time of testimony, or within ten (10) days after receipt of a transcript of proceedings.

{02221259 2 }

Access to designated Confidential Information shall be restricted to the following persons:

    i. To the Plaintiff and Defendant for purposes of this action only;

    ii. To the Plaintiff's and Defendants' attorneys, including any necessary paralegal assistants and other clerical personnel employed by counsel, for carrying out their respective duties in connection with this action;

    iii. To testifying or consulting experts whose assistance is necessary for purposes of litigating this action, to the extent necessary in order to furnish such assistance; and

    iv. To the Court (or its agents or employees), including introducing documents into evidence with leave to withdraw.

3. Any party may object to the designation of any document as "Confidential". Should the parties be unable to resolve the objection to the designation informally, then the objecting party may move for an order determining whether the materials are properly designated. Until the Court rules to the contrary, all materials designated "Confidential" shall be treated as prescribed in this Protective Order.

4. In the event any documents labeled "Confidential" are disclosed to any experts or consultants, such disclosure must be made subject to all restrictions

5

{02221259 2 }

contained in this Protective Order. Accordingly, if documents labeled "Confidential" are disclosed to any experts or consultants, the person to whom the materials are disclosed shall state his or her consent in writing to be bound by the terms of this Protective Order.

     5.    This Order does not authorize the filing of any documents or other matter under seal. Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file such items under seal shall file and serve a motion or submit a proposed stipulated order that sets forth:

    a.    the authority for sealing;

    b.    an identification and description of each item proposed for sealing;

    c.    the reason that sealing each item is necessary;

    d.    the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing; and

    e.    a memorandum of legal authority supporting sealing.

<u>See Local Rule 5.3</u>. A party shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion or entered the proposed stipulated order required by this section.

{02221259 2 }

6. Confidential Information disclosed pursuant to this Protective Order shall be used only for purposes of this litigation. Documents or other materials containing Confidential Information shall be copied only to the extent needed for this litigation; and upon completion or termination of this litigation, all such documents or other materials (including all copies thereof) shall be returned to the party producing them or destroyed. In the event a party wishes to destroy such documents or other materials, the parties hereto shall agree in writing to said destruction in lieu of return, and counsel shall certify in writing as to the destruction of said materials.

7. After the final determination of this action, all restrictions on communication and disclosure of Confidential Information provided for in this Protective Order shall remain in full force and effect. This Order shall remain binding on the parties, their respective attorneys, and all other persons who have received Confidential Information or documents pursuant to its terms. The Court shall retain jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate.

8. Nothing in this Protective Order shall be deemed or construed to be a waiver by any party of its right to object on any grounds to the use of any Confidential Information, or any portions thereof, at the trial of this matter.

9. No provision of this Protective Order shall preclude the parties from agreeing in writing as to any other handling of any Confidential Information. Nor shall it preclude any party from seeking in the future an order of this Court modifying this Protective Order with respect to particular information designated as confidential; provided, however, that such party shall notify the producing party at least ten (10) days prior to seeking such modification.

10. The inadvertent disclosure of attorney-client privileged and/or attorney work product protected communications or information shall not constitute a waiver of any privilege or other protection (including work product) if the producing party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure. The producing party will be deemed to have taken reasonable steps to prevent communications or information from inadvertent disclosure if that party utilized either attorney screening, keyword search term screening, advanced analytical software applications and/or linguistic tools in screening for privilege, work product or other protection. In the event of the inadvertent disclosure of protected materials, the producing party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within thirty (30) days from the date that the inadvertent disclosure was discovered or brought to the attention of the producing party, the producing party notifies the receiving party of the inadvertent disclosure and instructs the receiving party to promptly sequester,

return, delete, or destroy all copies of the inadvertently produced communications or information (including any and all work product containing such communications or information). Upon receiving such a request from the producing party, the receiving party shall promptly sequester, return, delete, or destroy all copies of such inadvertently produced communications or information (including any and all work product containing such communications or information), and shall make no further use of such communications or information (or work product containing such communications or information). Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client, work product, or other designation of protection.

11. This Protective Order shall be binding upon all parties to this litigation, their successors, representatives and assigns, as well as all counsel for all parties and their paralegals and office employees, and all experts and consultants to whom counsel have disclosed Confidential Information.

SO ORDERED.

Dated: August 24, 2017         s/Mark A. Goldsmith
Detroit, Michigan                   MARK A. GOLDSMITH
                                        United States District Judge

{02221259 2 }

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 24, 2017.

                                              s/Karri Sandusky
                                              Case Manager

{02221259 2 }

## STIPULATION

I approve the form and stipulate to the entry of the above Order.

| MIKA MEYERS PLC | ZABEL FREEMAN |
| Co-Counsel for Plaintiff | Co-Counsel for Plaintiff |

By: /s/Nikole L. Canute

Nikole L. Canute (P68173)
900 Monroe Avenue, NW
Grand Rapids, MI 49503
(616) 632-8000
ncanute@mikameyers.com

By: /s/Thomas A. Zabel

Thomas A. Zabel
1135 Heights Boulevard
Houston, TX 77008
(713) 802-9117
tzabel@zflawfirm.com

BARKAN & ROBON, LTD.
Counsel for Multiple Defendants

MILLER JOHNSON
Counsel for Defendant
Savoy Energy LP

By: /s/Zachary J. Murry

Zachary J. Murry (P73565)
1701 Woodlands Drive, Ste. 100
Maumee, OH 43537
(419) 897-6500
zmurry@barkan-robon.com

By: /s/James R. Peterson

James R. Peterson (P43102)
45 Ottawa Avenue SW
Suite 1100
Grand Rapids, MI 49503
(616) 831-1700
petersonj@millerjohnson.com

11

{02221259 2 }

| | |
|---|---|
| MCNEELY LAW GROUP, P.C.<br>Counsel for Defendant First Federal Bank of the Midwest | HONIGMAN MILLER SCHWARTZ AND COHN LLP<br>Counsel for Defendant Leonard M. Middleton and Terri S. Middleton Revocable Trust Under Agreement Dated April 20, 2009, Leonard M. Middleton and Terri S. Middleton, Trustees |

By:  /s/Christopher E. McNeely
    Christopher E. McNeely (P45664)
    1700 W. Hamlin Rd., Ste. 100
    Rochester Hills, MI 48309
    (248) 601-4700
    cmcneely@mandmpc.com

By:  /s/Jason R. Abel
    Jason R. Abel (P70408)
    2290 First National Building
    660 Woodward Avenue
    Detroit, MI 48226
    (313) 465-7302
    jabel@honigman.com

MAGILL & RUMSEY, P.C.
Counsel for Defendants Mark S. Selby and Linda K. Selby

By:  /s/Robert F. Magill, Jr.
    Robert F. Magill, Jr. (P16970)
    455 E. Eisenhower Parkway, Suite 355
    Ann Arbor, MI 48108
    (734) 995-2500
    bmagill@magillrumsey.com