**IN THE UNITED STATE DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| ROVER PIPELINE LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> 1.23 ACRES OF LAND, MORE OR LESS, PERMANENT EASEMENT (PIPELINE RIGHT-OF-WAY SERVITUDE), AND 3.74 ACRES OF LAND, MORE OR LESS, TEMPORARY WORK SPACE, IN LENAWEE COUNTY, MICHIGAN, Office of the Lenawee County Drain Commissioner Tract No. MI-LE-004.000, AND UNKNOWN OWNERS, et al. <br><br> *Defendants*. | Case No. 2:17-cv-10365 <br><br> Hon. Mark A. Goldsmith <br><br> Mag. Judge Mona K. Majzoub |

**DEFENDANTS ELAINE SIMCHECK, MICHAEL SIMCHECK, AND MEADOWBROOK ACRES INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF ROVER PIPELINE LLC'S MOTION IN LIMINE TO PRECLUDE TESTIMONY FROM ANY SIMCHECK OR MEADOWBROOK WITNESS BASED ON DOCUMENTS NOT DISCLOSED IN THE COURSE OF DISCOVERY, TO EXCLUDE THE EXPERT REPORTS AND TESTIMONY OF AARON HATHAWAY AND DOUGLAS K. HODGE, AND TO PRECLUDE INTRODUCTION OF EVIDENCE NOT DISCLOSED IN THE COURSE OF DISCOVERY (dkt. 880)**

**AND**

**REQUEST FOR ORAL ARGUMENT**

NOW COME Defendants, Michael and Elaine Simcheck, and Meadowbrook Acres Sod Farm, Inc., by and through their Attorney, Law Office of William J. McHenry, p.c., and for their response to Plaintiff Rover's Motion in Limine to Preclude Testimony from any Simcheck or Meadowbrook Witness Based On Documents Not Disclosed In The Course Of Discovery, To Exclude The Expert Reports And Testimony Of Aaron Hathaway And Douglas K. Hodge, And To Preclude Introduction Of Evidence Not Disclosed In The Course Of Discovery, states as follows:

1. Admit that Defendants attempted to contact Plaintiff's Counsel electronically on September 5, 2018 and that a phone conversation took place the following day regarding this motion.

2. Defendants do not contest for purposes of this motion.

3. Defendants do not contest.

4. Defendants admit the only issue to be resolved as to these Defendants is the amount of just compensation that Rover must pay Defendants for its taking of the easements and properties in questions.

5. The Simcheck Defendants admit their Initial Disclosures were made on June 1, 2017.

6. Defendants do not contest that Rover served the Simcheck Defendants with interrogatories and requests for production of documents seeking information concerning their damages claim. Defendants made detailed answers to interrogatories and provided detailed information in response to their request for production of documents and things, as well as objections to Plaintiff's discovery requests. Plaintiff never filed a motion to compel or for any other relief from the Court regarding the Simcheck's discovery

responses prior to the instant motion, and Counsel generally worked well and cooperated on scheduling and other matters.

7. Admit the Simcheck Defendants identified their independently retained experts, as well as identifying Defendant Michael Simcheck and Paul Simcheck Jr. as experts.

8. Admit Defendant Meadowbrook was added on April 3, 2018.

9. Defendants do not contest that interrogatories and requests to produce were served upon Defendant Meadowbrook on or about April 6, 2018.

10. Defendants do not contest that additional requests to produce were served upon Defendant Meadowbrook on or about April 16, 2018.

11. Defendants do not contest.

12. Admit Michael Simcheck and Paul Simcheck were deposed on July 12th and 13th, 2018.

13. Deny that prior to the depositions "only four Meadowbrook customer invoices were produced to Rover" because same is not true as stated. All relevant data relating to Meadowbrook's invoices to customers for the years 2016 and 2017 was produced to Rover no later than February 6, 2018.

14. Deny that Defendants had not produced all of the 2016 and 2017 customer invoices in their possession, custody or control.

15. The undersigned admits that he agreed to produce all of Meadowbrook's customer invoices at the deposition of Paul Simcheck on July 13, 2018. This was on agreed upon in response to Rover's counsel, Nikoe Canute, representing her belief that Defendants had not received all of the relevant data regarding customer invoices. However, it later became clear that Rover was simply requesting the same information which had already been produced, but in a different form.

16. On January 24, 2018, the Undersigned Counsel served upon Plaintiff's what he believed to be all information requested by Rover via Defendants' Quickbooks Account including approximately 9,500 of financial records from 2011 forward. Defendants use Quickbooks for all of their financial transactions including invoicing customers, transactions, dates of transactions, products and services rendered, memos and descriptions for the product and services, quantities of the product and services, the sales prices, and the balances. These Quickbook accounts also included balance sheets for current assets, bank accounts, checking accounts, savings accounts, accounts receivable, total accounts receivable, other current assets, loans, fixed assets, depreciation, furniture and fixtures, land, machinery and equipment, depreciation by year, office equipment, total vehicles, total fixed assed, liabilities and equity (Ex. A - Quickbooks Report Excerpt). Note that the attached Exhibit A is only demonstrative of the type and scope of information provided, but not comprehensive in any way.

The link sent to Rover was Defendants' actual Quickbooks Online Plus records which are generated in the process of running of their business operations and maintaining records thereof. The information contained therein was meticulously detailed financial disclosure which included income and expenses, invoicing and payments, enhanced payroll, sales and sales tax, bills and payments. The link was sent to Rover because Rover's request, which was objected to by the Defendants, was so overly broad and unduly burdensome that it became clear it would be easier to provide Rover complete access to what Defendants use regarding their business operations and expenses. The Undersigned Counsel has never used Quickbooks before, but understood that it this included everything that Rover was requesting, including invoices. For

example, the "four invoices" that Rover references in the instant motion came were created *entirely* on exported Quickbooks data—as is the case for every single invoice generated by Meadowbrook for its business operations. At all times since February 6, 2018, Rover had every opportunity to observe this fact. In fact, to the best of the Undersigned Counsel's knowledge, every shred of information on the "invoices" in question was contained in the reports in the original Quickbooks link provided to Rover in January 2018. All of the data requested by Rover was contained and was accessible from the Quickbooks link provided to Rover, including Customer "invoices". *They are generated from Quickbooks*, and this is how customers were invoiced. The reports contained the same information.

Subsequently, in September 2018, based upon continuing complaints from Nikole Canute, Defendants' Accountant, Doug Heinze, went back into Quickbooks to generate approximately 2000 pages of "Invoices". These were printed from individual PDF files which the Undersigned Counsel believes to be exported from the same records which Rover accessed using in the original Quickbooks link. All of the data which was generated from Quickbooks, already in Rover's possession no later than February 6, 2018, the date Rover produced a disk of "Documents produced from Meadowbrook acres, Inc. via Quickbooks" dated the same date. (Ex. B - Disk)

17. Denied. Upon information and belief, all of the information reviewed and relied upon by Defendants' Appraisal Expert, Doug Hodge, is contained in his Appraisal Report (Ex. C – Appraisal Report of Doug Hodge). The only other information in Doug Hodge's file included documents obtained from Rover and filings in this case including Rover's initial offer to acquire easements, Rover's appraisal, the Notice of Action regarding the

Pipeline, Defendant's Answer to Complaint, Affirmative Defenses and Jury Demand, the Permanent easement agreement, Temporary road agreement, right-of-way cost assessment, Defendants' license agreement with ITC and the Simchecks' property diagram, which were sent by way of email on May 22, 2017 (Ex. D – Email to Doug Hodge). All of these documents were in the possession of Rover, were pleadings in this case, or were obtained from Rover.

In further response, Aaron Hathaway, Defendants' Sod and Soil Expert, a professor at Michigan State University, produced all of his information, including photographs, in his Report. He hasn't taken any soil samples, he hasn't done any testing, he has been waiting for the project to be completed. Other than some additional photographs, there are no additional files and his opinions have not changed. The only other documents in Aaron Hathaway's "file" would be the Rover's Complaint, Defendant Simcheck's Answer, Affirmative Defenses and Jury Demand, Plaintiff's Initial Disclosures and Defendant Simcheck's Initial Disclosures, sent by way of email on August 28, 2017 (Exhibit E – Email to Aaron Hathaway). In other words, only things that are already in Rover's possession.

18. Defendants do not dispute the requirements of the Federal Rules of Civil Procedure. Defendants deny that any evidence should be precluded under these circumstances because there was no failure to produce evidence. Even if there was, said failure would be "harmless" because Defendants already had such information, and are arguing purely about form over substance—namely the form of the Quickbooks invoice data which was provided by to Rover was apparently unsatisfactory to them. However, Rover has repeatedly represented it as an issue of substance, on the basis of their unfounded claims

that individual customer invoices contain data which was not already produced through Quickbooks.

19. Defendants agree both parties are required to follow Rule 26(a).

20. Defendants do not contest.

22. Denied for the reasons stated herein.

23. Defendants admit that the Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice.  Rule 403.

24. Denied for the reasons stated herein.  Every single thing the Defendants are relying on has been produced to Rover in one format or another. The Invoices sent to Defendants' customers are *generated from Quickbooks,* and were demonstrably in Rover's possession no later than February 6, 2018. Defendants' subsequently produced nearly 2,000 pages of invoices also came from Quickbooks. Rover never informed the Court that Defendants provided access to 10,000 pages of financial records from the Defendants which Rover obtained from the Quickbooks link.  Nor does Rover mention that the invoices themselves could be contained in the same Quickbooks information provided as early as January 24, 2018, and subsequently accessible throughout this calendar year

## RELIEF REQUESTED

WHEREFORE, Defendants respectfully request this Honorable Court deny Plaintiff Rover's Motion and grant Defendants Request for Oral Arguments, together with such other reliefs as this Honorable Court deems just and necessary.

Respectfully submitted by:

/s/ William J. McHenry
**WILLIAM J. McHENRY(P38458)**

                                                               Law Office of William J. McHenry, P.C.
                                                               30903 Northwestern Highway, Suite 250
                                                               Farmington Hills, MI  48034
                                                               (248)539-9081/248-479-5800
                                                               wjmchenrylaw@gmail.com

Dated: September 28, 2018

**DEFENDANTS BRIEF IN OPPOSITION TO
PLAINTIFF ROVER PIPELINE LLC'S MOTION IN LIMINE TO PRECLUDE
TESTIMONY FROM ANY SIMCHECK OR MEADOWBROOK WITNESS BASED ON
DOCUMENTS NOT DISCLOSED IN THE COURSE OF DISCOVERY, TO EXCLUDE
THE EXPERT REPORTS AND TESTIMONY OF AARON HATHAWAY AND
DOUGLAS K. HODGE, AND TO PRECLUDE INTRODUCTION OF EVIDENCE NOT
DISCLOSED IN THE COURSE OF DISCOVERY (Dkt. 880)**

### COUNTER-STATEMENT OF ISSUES PRESENTED PER LOCAL RULE 7.1(D)(2)

1. Whether Defendants Michael Simcheck, Elaine Simcheck and Meadowbrook Acres, Inc. should be precluded from offering into evidence, inquiring into, or otherwise eliciting any evidence—whether documentary or as testimony, remarks, questions, or arguments—that is based on *information which was timely disclosed to Rover, but was not in Rover's preferred format, even though the format requested would have demonstrably and substantively more burdensome for Rover or its expert to use*?

   **Simcheck Defendants and Meadowbrook Acres, Inc. Answer "No"**

2. Whether the expert witness reports of Douglas K. Hodge and Aaron Hathaway should be excluded and Mr. Hodge and Mr. Hathaway precluded from testifying at hearing/trial in this matter, due to Defendants Michael Simcheck's, Elaine Simcheck's and Meadowbrook Acres, Inc.'s *failure to confirm in writing that said experts did not have any relevant work files apart from those contained in their reports, and even though Rover never even bothered to depose either expert*?

   **Simcheck Defendants and Meadowbrook Acres, Inc. Answer "No"**

## CONTROLLING OR MOST APPROPRIATE AUTHOIRTY FOR THE RELIEF SOUGHT PER LOCAL RULE 7.1(D)(2)

Simcheck Defendants and Defendant Meadowbrook Acres, Inc. submit that the key authorities supporting their responses to the instant Motions are:

Fed. R. Civ. Pro. 26(b)(2)(C)(i) and (ii)

FED. R. CIV. P. 37(c)(1)

**Statement of Facts**

Defendants incorporate by reference the facts as stated in paragraphs 1-24 of Plaintiff's Motion as though fully set forth herein.

## ARGUMENT

Rover's motion requesting severe sanctions against Defendants is based on the following representations of fact: (a) Defendants allegedly failed to produce information which is in whole or part the basis for their damages calculations, (b) Defendants allegedly failed to produce substantive expert work files to Rover and, (c) these failures have caused and will cause substantial prejudice to Plaintiffs ability to prepare for trial in this matter. Each of the above are either entirely false, or otherwise based on a misunderstanding or misrepresentation of the factual record. Furthermore, to the degree that any part of Rover's claims in these motions could be construed as factual, the reasons are substantially justified and the result is clearly harmless—rendering any sanctions under Fed. R. Civ. Pro. 37(a)(1) without reasonable justification.

Defendants respectfully submit that they have already produced to Rover all documents and things in their custody or control to support their claims for just compensation in this case. Defendants have also provided a computation of each category of damages claimed in this matter and made available documents and things which support these damages including the report of Aaron Hathaway (Sod and Soil Expert), Report of Doug Hodge (Appraiser), photographs of the farm, aerial photographs of the farm at various stages of the project, Answers to Interrogatories, Reponses to Requests to Produce, the testimony of Defendant Michael Simcheck, and Paul Simcheck, the President of Meadowbrook, the value of the loss crops per yard, calculated using actual sod prices from places like Home Depot, and Lowe's, and other documents and things including:

11

1. Quit Claim Deed- Meadowbrook Acres Sod Farm, LLC (M.A.S.F., LLC)
2. Vanguard Title Work
3. Temporary Road Agreement Exhibit A, Only
4. Permanent Easement Agreement Exhibit A, Only
5. Warranty Deed of M.A.S.F., LLC
6. ITC License Agreement for M.A.S.F., LLC
7. Invoices regarding Sod sales and prices
8. Competitor Sod prices and sales
9. Simcheck's personal tax returns 2012-2016
10. Meadowbrook tax returns 2011-2016
11. Equipment inventory
12. Equipment photos
13. Equipment Titles
14. Aerial photos
15. Quickbook Link documents containing over 9,500 pages of Meadowbrook Acres, Inc.'s business and financial records

**Invoices**

Plaintiff's objection to the "invoices" is a matter of form and format over substance. For example, the "four invoices" which Rover references in its motion were produced early in the case, prior to the addition of Meadowbrook to the case and the subsequent production of Quickbooks data. These were meant to serve as demonstrative examples of Defendants' sod farming and installation business general pricing and customer base. At all times subsequent to receiving nearly the entirety of all Meadowbrook business and financial records, Rover had the opportunity to examine these invoices in comparison with the information already in their possession. They would have found that the invoice number, job description, quantity, the rate charged and the totals contained on the invoice—the only relevant information contained in the invoice—matches *exactly* with the same information for the matching invoice number found in Quickbooks (Ex. F – Individual Invoices Matched to Quickbooks Data). In other words, Defendants believed it had produced all of the relevant information to Rover via its Quickbook link. The subsequent 2000 pages of invoices all contain the same information, and is thus an entirely unnecessary request, which is why the Quickbooks link was originally provided to begin

12

with. Therefore, all of this information has been provided in one form or another, and to the extent Rover didn't like the format, it is harmless and there is no prejudice because the information contained in each one of the invoices, by invoice number, and by date, was in the Quickbooks link provided to Rover.

**Expert Work Files**

The Undersigned Counsel also contacted its expert, Aaron Hathaway, to make sure there are no additional materials in his file outside of his report. There are apparently some photographs taken some time after his expert report was produced which were taken by Aaron Hathaway which will be produced without objection. However, there were no other tests, soil samples, computations, reports or other documents or things other than what is already in the possession of Rover, and contained in Aaron Hathaway's Report. (Ex. G – Expert Report of Aaron Hathaway).

## RELIEF REQUESTED

WHEREFORE, Defendants respectfully request this Honorable Court deny Plaintiff Rover's Motion and grant Defendants Request for Oral Argument, together with such other reliefs as this Honorable Court deems just and necessary.

Respectfully submitted by:

/s/ William J. McHenry
**WILLIAM J. McHENRY(P38458)**
Law Office of William J. McHenry, P.C.
30903 Northwestern Highway, Suite 250
Farmington Hills, MI  48034
(248)539-9081/248-479-5800
wjmchenrylaw@gmail.com

Dated: September 28, 2018

## **CERTIFICATE OF SERVICE**

      I, Michael J. McHenry, certify that on September 28, 2018, I served a copy of the forgoing document on all attorneys of records via the USDC CM/ECF electronic filing which will send notice to all interested parties.

                                               /s/ Michael J. McHenry
                                                     Michael J. McHenry