UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Next week
ROVER PIPELINE LLC,

    Plaintiff,                                                        Case No. 17-10365

vs.                                                                            HON. MARK A. GOLDSMITH

1.23 ACRES OF LAND, et al.,

    Defendants.
_____/

**<u>ORDER DENYING MOTION FOR RECONSIDERATION (DKT. 871) AND GRANTING MOTION FOR ORDER SEEKING TO APPLY THE COURT'S JULY 6, 2018 OPINION TO DEFENDANT MEADOWBROOK (Dkt. 883)</u>**

These matters are before the Court on Plaintiff Rover Pipeline's motion for reconsideration of the Court's July 6, 2018 Opinion and Order (Dkt. 871) and motion to apply the Court's July 6, 2018 Opinion and Order to Defendant Meadowbrook Acres, Inc. The Defendant land owners filed a response to the motion for reconsideration (Dkt. 877). No response was filed to the motion to extend the Court's prior ruling to Defendant Meadowbrook Acres. For the reasons discussed below, the Court denies the motion for reconsideration and grants the motion to extend the July 6, 2018 ruling to Defendant Meadowbrook Acres.

        **I.**       **BACKGROUND**

On July 6, 2018, this Court issued its Opinion and Order (Dkt. 868) regarding a series of motions in limine filed by Rover and Zachary J. Murry, counsel for several Defendant land owners. Two of those motions sought to exclude expert testimony from two of Defendants' experts: William Lawrence (an arborist) and Frank Tokar Jr. (a mineral valuation expert). In addition, Rover sought to exclude Eric Gardner's appraisals that incorporated Lawrence's and Tokar's

opinions. (Dkts. 819, 820).

Defendant Meadowbrook joined this action after Rover filed the motions in limine against all Defendants (Dkts. 813, 814, 818, & 821), which were resolved in the Court's July 6, 2018 order. See April 3, 2018 Stipulated Order Adding Meadowbrook Acres, Inc. as Defendant (Dkt. 860). Rover attempted to contact Meadowbrook before filing its motion to extend the Court's July 6, 2018 ruling, but was ultimately unsuccessful in contacting opposing counsel.

## II. LEGAL STANDARD

Motions for reconsideration may be granted under Eastern District of Michigan Local Rule 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect "which is obvious, clear, unmistakable, manifest, or plain." Mich. Dep't of Treasury v. Michalec, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally, . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

## III. ANALYSIS

### A. Plaintiff Rover Pipeline's motion for reconsideration of the Court's July 6, 2018 Opinion and Order (Dkt. 871)

Rover makes three arguments in support of its motion for reconsideration: (i) the Court erred by failing to exclude William C. Lawrence's expert testimony where he cannot provide all of the information necessary under the Sherburn Formula; (ii) the Court erred by failing to exclude Frank Tokar, Jr.'s testimony on mineral valuation as a contributory factor in fair market value calculation; and (iii) the Court erred by failing to exclude Frank Tokar, Jr.'s mineral valuation. The Court will take each argument in turn.

**1. The <u>Sherburn</u> Formula**

Rover argues that William C. Lawrence's expert testimony should be excluded under Federal Rule of Civil Procedure 403, because it will confuse the issues and mislead the trier of fact. Rover. Mot. ¶ 9. It argues that Lawrence cannot present <u>all</u> the information necessary to do a proper calculation under <u>Department of Transp. v. Sherburn</u>, 492 N.W.2d 517, 520 (Mich. Ct. App. 1992). In its previous ruling, the Court found that Lawrence's opinion was "admissible as evidence of the cost to cure" and "relevant to the extent that Defendants seek to introduce evidence of severance damages." <u>Rover Pipeline, LLC v. 1.23 Acres of Land, More or Less, Permanent Easement (Pipeline Right-of-Way Servitude)</u>, No. 17-CV-10365, 2018 WL 3322995, at *9-10 (E.D. Mich. July 6, 2018). Defendants argue that the Court previously addressed Rover's arguments and therefore its motion for reconsideration is improper under Local Rule 7.1.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. District courts have broad discretion in ruling on the admissibility of evidence. <u>Journey Acquisition–II, L.P. v. EQT Prod. Co.</u>, 830 F.3d 444, 458 (6th Cir. 2016).

In Michigan, one "proper measure of damages in a condemnation case involving a partial taking consists of the fair market value of the property taken plus severance damages to the remaining property if applicable." <u>Sherburn</u>, 492 N.W.2d at 520. Severance damages are damages to the remaining property where the partial taking has caused damages attributable to the partial taking. <u>Id.</u> at 519-520. "Where severance damages are claimed, the maximum damages recoverable equal (the market value of the parcel taken) plus (the market value of the remainder after the taking) plus (the cost-to-cure expenses); however, the total damages awarded may not

exceed the fair market value of the whole parcel before the taking." Id. at 520.

Rover has not presented any cases to support its position that Lawrence is required to provide all the information necessary to make a proper damages calculation under Sherburn. Nor is it obvious to the Court why each portion of the Sherburn equation must be established by a single witness. The Court held that Lawrence's testimony is admissible as to the cost-to-cure aspect of the Sherburn formula and Rover has offered nothing to convince the Court that such testimony should be excluded under Rule 403. Therefore, the Court finds that its prior ruling did not contain a palpable defect which misled the Court such that correcting such defect would have resulted in a different outcome on this matter.

### 2. Frank J. Tokar's Testimony Regarding Present Value of Minerals on the Little Trust Property

Rover makes two arguments with respect to Frank Tokar, Jr.'s expert testimony on mineral valuation. Rover Mot. at 3-4. First, it argues that, like Lawrence, any testimony related to a cost-to-cure evaluation should be excluded because Tokar cannot provide all the information under the Sherburn formula. Id. at n.4. For the reasons already explained with respect to Lawrence, the Court finds this argument lacking. Second, Rover argues that Tokar's testimony with respect to the present value of mineral deposits on condemned properties should not be considered as a contributory value to the land as a whole. Rover relies on Columbia Gas Transmission Corp. v. Exclusive Nat. Gas Storage Easement, 962 F.2d 1192 (6th Cir. 1992) and State Highway Commission v. Fegin, 141 N.W.2d 312 (Mich. Ct. App. 1966) to support its position.

In its prior ruling, the Court explained that "[i]n order for an appraiser to take into account the contributory value of the minerals to the land as a whole, it is instructive for the appraiser to first understand how much the minerals are worth." Rover Pipeline, 2018 WL 3322995, at *10 (citing Columbia Gas, 962 F.2d at 1199 (holding that while, under Ohio law, mineral deposits are

4

not valued separately from the land on which they are located, it is still proper to admit evidence that the land contains valuable deposits in order to determine the land's fair market value)). Rover argues that Columbia Gas stands for the proposition that while an expert witness may provide testimony regarding the quantity and quality of minerals present, the expert may not affix a dollar amount intended to represent the independent present value of those minerals. Columbia Gas is not the ideal case upon which to rely, because it applies Ohio law rather than Michigan law. Nonetheless, Rover argues that Columbia Gas is consistent with Michigan law, specifically Fegin. The Court does not agree that Tokar's testimony on mineral valuation should be excluded.

Tokar provided a mineral valuation, which includes sand and gravel. Tokar Mineral Evaluation, Ex. 4 to Rover's Mot. in Lim. at 3 (Dkt. 820-5). In Tokar's opinion, the value of the sand and gravel on the subject property is $448,000, which he believes will be rendered inaccessible by Rover's presence. Tokar Decl. ¶ 8, Ex. 1 to Rover's Mot. in Lim. In Fegin, the landowner's expert witness testified that the best use of the land was for the removal of borrowed earth material (sand), which was valued at $0.03 a cubic yard. 141 N.W.2d at 313. The court-appointed commission agreed and awarded just compensation in the amount of $6,475 for the taking. Id. The Fegin court affirmed the award and held that "[i]f a fee or a right of way is condemned[,] the before and after value of the land measures the damage and mineral deposits may be shown to affect its value per acre." 141 N.W.2d at 315. In other words, "[i]f the right to remove minerals is condemned[,] their value in place must be established to fix the damage." Id. The Michigan Supreme Court expressly adopted this conclusion and the reasoning in Fegin. State Highway Commission v. Hahn, 156 N.W.2d 33, 34 (Mich. 1968) (explaining that "if the right to remove minerals is condemned, . . . the value of the minerals in place determines the compensation which must be paid the owner"); see also Michigan State Highway Comm'n v. McLaughlin, 167

N.W.2d 468, 470 (Mich. Ct. App. 1969).

It appears that the land-owner defendants will be presenting a valuation theory that Rover condemned the minerals on their property and therefore the sand and gravel value may be shown to affect the lands' value per acre. Rover concedes that Tokar may provide testimony regarding the highest and best use of the property. Mot. at 4. If Tokar testifies that the highest and best use of the subject property is mineral mining, then he would also be allowed to testify regarding the value of the condemned minerals as it relates, as the Court explained previously, to the contributory value of the minerals to the land as a whole. Accordingly, Rover's motion is denied in this respect.

### 3. Independent Value of the Natural Features

Finally, Rover argues that neither Lawrence's nor Tokar's testimony on the value of natural features should be allowed because the value of natural features is not at issue. Mot. at 5. It argues that the Court erroneously found that both experts would be able to provide testimony regarding severance damages. Id. This matter has already been addressed above. Two bites at the apple is enough.

### B. Motion to Extend the Court's July 6, 2018 Opinion and Order to Defendant Meadowbrook (Dkt. 883)

The Court has reviewed its July 6, 2018 Opinion and Order. There is no opposition by Meadowbrook to the extension of the July 6, 2018 Opinion and the Court finds that it is appropriate to extend the Opinion to include Meadowbrook. Accordingly, the Court's July 6, 2018 Opinion and Order with respect to Rover's Motions in Limine against all defendants (Dkts. 813, 814, 818, & 821) apply to Defendant Meadowbrook.

### IV. CONCLUSION

Accordingly, because Rover has not identified a palpable defect that misled the Court such that correcting the defect would have resulted in a different disposition in its prior opinion, E.D.

Mich. LR 7.1(h)(3), Rover's motion for reconsideration (Dkt. 871) is **DENIED**.  Rover's motion to extend the Court's July 6, 2018 Opinion and Order to Defendant Meadowbrook (Dkt. 883) is **GRANTED**.

SO ORDERED.

Dated: March 1, 2019  s/Mark A. Goldsmith
 Detroit, Michigan MARK A. GOLDSMITH
 United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 1, 2019.

 s/Kristen MacKay for Karri Sandusky
 Case Manager