UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROVER PIPELINE LLC,

    Plaintiff,

vs.

1.23 ACRES OF LAND, et al.,

    Defendants.

_____/

Case No. 17-10365

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE DAMAGES OUTSIDE THE SCOPE OF JUST COMPENSATION PROCEEDINGS (DKT. 882)**

This matter is before the Court on Plaintiff Rover Pipeline, LLC's motion in limine to exclude damages outside the scope of just compensation proceedings (Dkt. 882). The Court has dispensed with oral argument, as it will not aid in the decisional process. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons discussed below, the Court grants in part and denies in part Rover's motion.

## I.     LEGAL STANDARD

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "'Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of material fact, a motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" Louzon v. Ford Motor Co., 718 F.3d 556, 561 (6th Cir. 2013) (quoting Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990)).

> In other words, a mechanism already exists in civil actions to resolve non-evidentiary matters prior to trial—the summary-judgment motion. Allowing a

party to litigate matters that have been or should have been resolved at an earlier stage not only allows those dissatisfied with the court's initial ruling a chance to relitigate, but also deprives their opponents of the procedural protections that attach at summary judgment.

Id. (citing Williams v. Johnson, 747 F. Supp. 2d 10, 14 (D.D.C. 2010) ("In light of their limited purpose, motions in limine should not be used to resolve factual disputes, which remains the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.")). "Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975).

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## II. ANALYSIS

Rover seeks to preclude the Simcheck Defendants from introducing evidence regarding damages outside the scope of this proceeding as either prejudicial or not relevant to just compensation. Rover Mot. at 2. Specifically, it seeks to exclude evidence of alleged tort damages from pipeline construction that fall outside of the physical boundaries of Rover's easements and damages related to property that is not currently part of this action. Id. at 1-2. The Simcheck Defendants assert that they are entitled to all damages related to Rover's taking. See Simcheck Resp. (Dkt. 885).

On the matter of tort damages related to pipeline construction, the Court has already resolved the issue. On July 6, 2018, this Court held that "[i]t is well-settled . . . that damages to

2

the remainder property during construction are not compensable in a condemnation proceeding." Rover Pipeline, LLC v. 1.23 Acres of Land, More or Less, Permanent Easement (Pipeline Right-of-Way Servitude), No. 17-CV-10365, 2018 WL 3322995, at *16 (E.D. Mich. July 6, 2018) (citing United States v. 79.20 Acres of Land, More or Less, Situated in Stoddard Cty., Missouri, 710 F.2d 1352, 1356 (8th Cir. 1983)). Therefore, "any evidence of alleged torts committed during the course of construction is excluded for this condemnation case." Id.

The second category of damages relates to land owned by International Transmission Company ("ITC"). Rover Mot. at 8. The Simcheck Defendants use part of the ITC Property (MI-LI-079.000) to grow sod. Rover's pipeline runs through the ITC property; however, the ITC property was not condemned in this proceeding, because Rover obtained an easement from ITC. Rover Easement Agreement, Ex. A to Reply (Dkt. 888-2). Nonetheless, the Simcheck Defendants argue that the ITC Property should be added to this action to account for damages caused to the Simcheck Defendants' sod on the ITC Property. See Simcheck Resp. 5-7. In its reply brief, Rover represents that it would be willing to amend its complaint to include the ITC Property, but it requested a status conference with the Court to discuss the matter before filing an amended complaint. Rover Reply at 6 (Dkt. 888).

The Court held several status conferences to discuss the ITC Property. During the conferences, it came to light that the Simcheck Defendants, through M.A.S.F. Properties, LLC, have a license agreement to grow sod on the ITC Property. The parties disputed whether a license agreement is sufficient to allow for just compensation in a condemnation proceeding. The parties filed supplemental briefs (Dkts. 909 & 910) to address the matter.

Rover argues that because a license agreement does not create a property interest, the Simcheck Defendants are not entitled to any just compensation flowing from the taking on the ITC Property. The Simcheck Defendants argue that they are entitled to just compensation for the taking of their sod, which they argue is personal property. Michigan law is clear that "[a] license grants

3

permission to be on the land of the licensor without granting any permanent interest in the realty." Forge v. Smith, 580 N.W.2d 876, 883 (Mich. 1998). "While easements constitute an interest in real estate, licenses do not." Id. Therefore, the Simcheck Defendants cannot receive just compensation based on a taking of real property on the ITC Property.

The remaining issue is whether sod is personal property for which just compensation is owed. Under the Fifth Amendment's Taking Clause, "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. The Takings Clause "protects 'private property' without any distinction between different types." Horne v. Dep't of Agric., 135 S. Ct. 2419, 2426 (2015). "The principle reflected in the Clause goes back at least 800 years to Magna Carta, which specifically protected agricultural crops from uncompensated takings." Id. Similarly, Michigan's constitution "obligates the condemnor of private property to render just compensation to the property owner." Wayne Cty. v. William G. Britton & Virginia M. Britton Tr., 563 N.W.2d 674, 681 (Mich. 1997) (citing Mich. Const. Art. 10, § 2).

Here, the Simcheck Defendants' sod located on the ITC Property falling within Rover's easement was personal property taken by Rover. Generally, "unless reserved, growing crops are part of the realty which passes with the conveyance of land. But, . . . there are many situations where growing crops are held to be personalty." Blough v. Steffens, 84 N.W.2d 854, 857 (Mich. 1957). For example, in Groth v. Stillson, 174 N.W.2d 596 (Mich. Ct. App. 1969), a Christmas tree farmer, by agreement with a landowner, had the "right of entry to spray, prune, care for, harvest and remove the trees until all saleable trees reached their proper growth and were harvested." Id. at 598. The landowner sold the property without any reservation of the growing Christmas trees. Id. The Court found that the Christmas tree crop was constructively severed from the real property and, therefore, was personal property that did not pass with the land to the new owner. Id.; see also In re Estate of Hornak, No. 319955, 2015 WL 1880216, at *3-4 (Mich. Ct. App. Apr. 23, 2015) (finding that sharecrop agreement "severed the crops from the realty and

required that they be treated as goods or personal property, not as part of the realty").

Here, the Simcheck Defendants, through M.A.S.F. Properties, had an agreement with ITC to enter the ITC Property to grow and harvest sod. License Agreement, Ex. 2 to Rover's Supp. Br. (Dkt. 909-3). Upon termination of the agreement, the Simcheck Defendants were entitled to enter the ITC Property to remove their property and were entitled to enter the land "for the sole purpose of tending and harvesting [the Simcheck Defendants'] then-current crop." Id. ¶ 15. When ITC granted an easement to Rover, the sod in place at the time was severed from the land and became personal property. Therefore, any evidence as to the value and amount of lost sod within Rover's easement on the ITC Property is relevant to just compensation of personal property owned by the Simcheck Defendants. However, evidence of tort damages related to pipeline construction outside of Rover's easement is not relevant to this just compensation action.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Rover's motion to exclude damages outside the scope of just compensation proceedings (Dkt. 882). Any evidence of alleged torts committed during the course of construction outside of Rover's easement is excluded for this condemnation case. However, evidence as to the value and amount of lost sod within Rover's easement on the ITC Property is admissible.

SO ORDERED.

Dated: March 11, 2019  s/Mark A. Goldsmith
     Detroit, Michigan  MARK A. GOLDSMITH
                                   United States District Judge